UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60911-CIV-COHN/SELTZER

FERN VELEZ,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Plaintiff's Motion For Award of Attorney's Fees (DE 21) and was referred to United States Magistrate Judge Barry S. Seltzer pursuant to 28 U.S.C. § 636 (DE 24). Having carefully reviewed the briefed Petition and being otherwise sufficiently advised, the undersigned respectfully RECOMMENDS that Plaintiff's Motion (DE 21) be GRANTED as set forth below.

I.    BACKGROUND

On June 16, 2008, Plaintiff Fern Velez filed a Complaint (DE 1) seeking review of the final decision of the Commissioner denying her disability benefits under the Social Security Act. On August 22, 2008, the Commissioner filed an Answer to the Complaint. See Answer (DE 9). And on September 29, 2008, Plaintiff moved for summary judgment. See Motion (DE 12). Although the Commissioner initially responded and moved for summary judgment (DE 15), he ultimately moved the Court to reverse his decision and remand the cause for further proceedings. See Defendant's Motion for Remand (DE 18).

Plaintiff did not oppose the remand.

On November 13, 2008, the District Court reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case to the Commissioner for further proceedings (DE 19).  On November 21, 2008, Plaintiff filed the instant Motion for Attorney Fees (DE 21), together with an itemization of the hours expended in this litigation.  Specifically, Plaintiff requests an attorney fee award "pursuant to the Equal Access to Justice Act in the amount of $3,358.58 payable directly to her attorney [Nora Staum]." Motion at 2 (DE 21).  Although the Commissioner "does not object to Plaintiff's request for an award of attorney's fees in the amount of $3,358.58, . . . [he does] object to Plaintiff counsel's request that payment under the [Equal Access to Justice Act] be made directly to her."  Response at 1 (DE 26).

II.   DISCUSSION

Plaintiff seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Under the EAJA, the Court may award a prevailing plaintiff attorney's fees unless the Commissioner can show that his position "was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).[1]  The Supreme Court has held that a plaintiff who obtains a sentence four remand reversing the Commissioner's denial of benefits is a prevailing party for purposes of a fee award.  See

---

[1] The Commissioner bears the burden of demonstrating that the denial of benefits was substantially justified. See Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003); Damon v. Astrue, No. 06-CV-4112, 2008 WL 544826, at *1 (W.D. Ark. Feb. 26, 2008); Jenkins v. Astrue, No. 02:06cv388, 2008 WL 410575, at *1 (N.D. Ind. Feb. 12, 2008). "Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified." Hartley v. Astrue, No. 3:06-cv-794-J-MCR, 2008 WL 2357690, at *1 (M.D. Fla. June 5, 2008).  In the instant case, the Commissioner has not challenged Plaintiff's fee application on this basis.

Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993).

The Court is empowered to grant "reasonable fees and expenses of attorneys" under the EAJA. 28 U.S.C. § 2412(b). Plaintiff's counsel seeks attorney's fees for 19.33 hours at an hourly rate of $173.75. See Motion (DE 21). Under § 2412(b), attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . [such] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. Section 2412(d)(2)(A). Plaintiff has requested an hourly rate in excess of the $125 statutory rate based on the increased cost of living, calculated using the Consumer Price Index. See Motion at Exhibits 1 and 2 (DE 21) (reflecting calculation of hourly rate under Consumer Price Index for October 2008). The Commissioner has not objected to the hourly rate sought, and the undersigned finds that a cost of living increase is warranted. See Allio v. Astrue, No. CIC-051361 LKK GGH, 2008 WL 410607, at *2 (E.D. Cal. Feb. 12, 2008) (awarding EAJA fees at $160 hourly rate for services performed in 2006 and $162 hourly rate for services performed in 2007 based on cost of living increase; rate increases calculated using the Consumer Price Index); Mangum v. Comm'r of Social Security, No. 6:07-cv-1224-Orl-18KRS, 2008 WL 58957, at *1 (M.D. Fla. Jan. 3, 2008) (awarding EAJA attorney's fees at $167 hourly rate for services performed in 2007, based on cost-of-living increase as measured by the Consumer Price Index); see also Meyer v. Sullivan, 958 F.2d 1029, 1035 n.9 (11th Cir. 1992) (noting that application of cost-of-living adjustment is "next to automatic").

The undersigned additionally finds that the number of hours requested is reasonable

and that the hourly rates are well-supported by law.  Multiplying the number of hours requested (19.33) by the hourly rate ($173.75) yields a total attorney fee award of $3,358.58.  See Motion at 2 (DE 21) (calculation of fee amount).

Plaintiff also requests that the fee award be paid directly to her attorney Nora Staum, Esq. See Motion at 2 (DE 21) (requesting an attorney fee "payable directly to the Plaintiff's attorney").  In response, the Commissioner objects to the payment of attorney's fees directly to Plaintiff's counsel.  See Response at 1 (DE 26).

The Eleventh Circuit has recently held that attorney's fees awarded under the EAJA are properly awarded to the plaintiff, not to the plaintiff's attorney.  See Reeves v. Astrue 526 F.3d 732 (11th Cir. 2008) (petition for cert. filed August 1, 2008).  However, courts in the Eleventh Circuit have held that Reeves does not preclude payment of EAJA attorney's fees directly to a plaintiff's counsel where the plaintiff has assigned to such counsel her right to fees.  See, e.g., Buffin v. Astrue, No. 3:05-cv-01289-J-TEM, 2008 WL 2605475, at *2 (M.D. Fla. June 30, 2008) (directing payment of EAJA fees to the plaintiff's counsel where right to fees were assigned to counsel); Turner v. Astrue, No. 5:07cv09/RS-EMT, 2008 WL 2561966, at *2-3 (N.D. Fla. June 24, 2008) (same); Hartley, 2008 WL 2357690, at *2 (because the court "does not interpret Reeves as preventing an assignment of [EAJA] fees," fees were awarded directly to the plaintiff's counsel).  Here, Plaintiff has assigned her right to EAJA fees to her attorney (Nora Staum), and she has expressly consented to payment of those fees directly to her.  See Motion at Ex. 4, Assignment of EAJA Fees (DE 21).  Accordingly, in this case, the (EAJA) fee award should be may payable directly to

Plaintiff's counsel.[2]

III.     RECOMMENDATION

Based on the foregoing, it is RECOMMENDED that the District Court GRANT Plaintiff's Motion for Attorney Fees (DE 21) and award fees of $3,358.58 to attorney Nora Staum to be paid by the Social Security Administration.

The parties will have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 8th day of December 2008.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable James I. Cohn
United States District Judge

All counsel of record

---

[2] This assignment [of fees], however, may not preclude the United States Treasury from applying the EAJA payment to offset a debt owed by Plaintiff, in accordance with 31 C.F.R. §285.5(e)(6)(ii).